**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY GLEN CASKEY,<br><br>Defendant. | Criminal Nos.<br>11-301 (JRT/LIB), 14-36 (JRT)<br><br>**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

Gregory G. Booker, Acting United States Attorney, and Nathan P. Petterson, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Timothy G. Caskey, No. 07389-041, Federal Correctional Institution – Gilmer, P.O. Box 6000, Glenville, WV 26351, *pro se* defendant.

On February 6, 2014, Timothy Glen Caskey pled guilty to charges of Kidnapping and Bank Robbery. The Court held an evidentiary hearing to resolve Caskey's objections to three sentencing enhancements, and subsequently sentenced him to a 300-month term of imprisonment on the kidnapping charge and a concurrent 240-month term on the bank robbery charge. The Eighth Circuit affirmed the sentence on appeal. Caskey now brings a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel and improper enhancement of his sentence. Because Caskey fails to support his ineffective assistance of counsel claim factually or legally and raised his other argument on direct appeal, the Court will deny his motion.

## BACKGROUND

Caskey was indicted for Kidnapping and Interstate Domestic Violence in the District of Minnesota and for Bank Robbery in the District of Kansas. (Criminal Case No. 11-301, Indictment, Sept. 21, 2011, Docket No. 12; Criminal Case No. 14-36, Indictment, Feb. 6, 2014, Docket No. 2.) The bank robbery prosecution was transferred to this District on February 6, 2014. (Criminal Case No. 14-36, Consent to Transfer, Feb. 6, 2014, Docket No. 1.) The same day, pursuant to the terms of a written plea agreement, Caskey pled guilty to the kidnapping and bank robbery charges. (Minute Entry, Feb. 6, 2014, Docket No. 119; Plea Agreement, Feb. 6, 2014, Docket No. 120.)[1]

At Caskey's change of plea hearing, the Court informed him that "everyone seem[ed] to believe" his criminal history category was IV, but noted that it was "difficult" to be sure "without a more in-depth investigation." (Transcript at 20:9-12, Apr. 7, 2015, Docket No. 181.) The Court warned Caskey that an error in calculation would not be a basis for him to withdraw a guilty plea. (*Id.* at 20:15-17.) The Court told Caskey that, if the Court adopted the government's views on the characteristics of the offense, the United States Sentencing Guidelines range would be 324 to 405 months. (*Id.* at 21:1-5.) And the Court noted that it would "ultimately make its own determination" as to the appropriate sentence. (*Id.* at 21:17-22.) Caskey expressly stated to the Court that he understood each of these points. (*Id.* at 20:18, 21:7, 21:24.)

---

[1] Except where otherwise noted, these and all subsequent docket references are to Criminal Case No. 11-301.

After Caskey's guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSR") calculating Caskey's adjusted offense level under the Guidelines as 38. *See United States v. Caskey*, No. 11-cr-301 (JRT/LIB), 2014 WL 4411041, at *1 (D. Minn. Sept. 8, 2014). That level included a downward adjustment for acceptance of responsibility and enhancements for use of a dangerous weapon, for holding the kidnapping victim, R.L.C., for more than seven but less than thirty days, and for sexually exploiting R.L.C. *See id.* The PSR calculated Caskey's criminal history as category VI, rather than IV, resulting in a Guidelines range of 360 months to life. *Id.*

Caskey objected to the three enhancements, and the Court held an evidentiary hearing on June 27, 2014, to resolve the matter. (*Id.*; *see also* Transcript, Aug. 15, 2014, Docket No. 151.) In a written Opinion and Order of September 8, 2014, the Court found that R.L.C. was credible in testifying that Caskey had beaten her with a screwdriver, held her against her will for the duration of the kidnapping, and sexually assaulted her. *Caskey*, 2014 WL 4411041, at *2-4. Accordingly, the Court overruled Caskey's objections to the sentencing enhancements. *Id.*

On February 20, 2015, the Court sentenced Caskey to a 300-month term of imprisonment for the kidnapping and a concurrent 240-month term for the bank robbery. (Criminal Case No. 11-301, Minute Entry, Feb. 20, 2015, Docket No. 172; Criminal Case No. 14-36, Minute Entry, Feb. 20, 2015, Docket No. 22.) The Court explained that its sentence was a downward variance from the Guidelines range of 360 months to life, due to Caskey's "history and characteristics," and the fact that his "criminal history score was

likely slightly overstated." (Statement of Reasons, Feb. 26, 2015, Docket No. 174.) The sentence was affirmed on appeal by the Eighth Circuit. *U.S. v. Caskey*, 636 F. App'x 376, 379 (8th Cir. 2016) (per curium).

Caskey now brings this § 2255 motion to vacate.

## DISCUSSION

### I. SECTION 2255

Section 2255 affords a federal prisoner a limited opportunity to seek post-conviction relief on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

### II. CASKEY'S CLAIMS

Caskey claims that he received ineffective assistance of counsel and that the Court erred in enhancing his sentence due to his possession of a dangerous weapon and his sexual exploitation of R.L.C. during the kidnapping.

## A. Ineffective Assistance of Counsel

Caskey alleges two shortcomings in the representation he received. First, Caskey argues that counsel's advice that he accept the plea bargain was objectively unreasonable in the erroneous initial estimate of his criminal history category. And second, Caskey argues that counsel made a number of errors at both the pre-trial and appellate stages. Caskey argues generally that he was prejudiced in both instances by the breakdown of his relationship with counsel.[2]

### 1. Legal Standard

A party claiming ineffective assistance of counsel must establish (1) that the attorney's performance "fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). With regard to the first prong, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 690. With regard to the second prong, a "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

---

[2] The Court has reviewed Caskey's most recent submission, and does not believe it raises any new arguments that must be considered by the Court in resolving this petition. (*See* Traverse to Opp., Oct. 30, 2017, Docket No. 206.)

## 2. Plea Bargain

Caskey argues that he would not have accepted the plea bargain had he known that his criminal history category was VI, rather than IV. Caskey explains that counsel advised him to accept the plea bargain because going to trial would risk the imposition of a life sentence on conviction, while such a sentence was outside the Guidelines range Caskey was given when he was believed to be in category IV. He argues that counsel was grossly negligent in failing to realize that he was actually in category VI, and complains that counsel advised against attempting to withdraw his plea after learning he was actually in category VI.

The Court warned Caskey at his change of plea hearing that it is "difficult" to calculate a defendant's criminal history without an in-depth investigation, and made clear that an error in calculation would not be a basis to later withdraw his guilty plea. Caskey told the Court that he understood, and voluntarily pled guilty. In light of the Court's fair warning and Caskey's express understanding of the risk, Caskey cannot credibly argue that counsel acted negligently – let alone that the outcome of his case would have been different but for those actions.

First, counsel's advice that Caskey carefully consider the risks of going to trial was just that – advice. Caskey acted voluntarily, and the consequences of his own decision may not be imputed to counsel. Second, while an error in calculating the Guidelines range at the sentencing stage may satisfy the *Strickland* analysis, *see United States v. Ford*, 918 F.2d 1343, 1350 (8th Cir. 1990), no such error is present here. Caskey understood that it is difficult to properly calculate a defendant's criminal history category

at the plea stage without an in-depth investigation. And finally, in light of the Court's warning that an error in Caskey's criminal history category estimate would not be a basis to withdraw his guilty plea, counsel's advice to not try is eminently reasonable.

Moreover, even if any of these actions were unreasonable, Caskey has not shown a reasonable probability that the result of the proceeding would have been different otherwise. Caskey argues that he would not have pled guilty had he known that the Guidelines range included a life sentence. That argument is not credible given that Caskey told the Court that he understood the risk that his criminal history category might ultimately be calculated as higher than IV, and that the Court would "ultimately make its own determination" of his sentence. More importantly, the sentence Caskey challenges is 24 months below the bottom of the estimated Guidelines range he was given at the time he entered his plea. It defies reason that a sentence 24 months lower than that contemplated by Caskey at the time he entered his plea "undermine[s] confidence in the outcome" of his case. As such, Caskey suffered no prejudice as a result of these actions.

### 3. Other Alleged Errors

Caskey also argues that a "litany of errors" by counsel during the pre-trial and appellate stages of his defense amounted to ineffective assistance. The alleged "errors" include both specific strategic choices, such as counsel's failure to raise introduce or argue certain pieces of evidence (for instance, arguing that long-sleeve shirts were "typical wear of Northern Minnesota" to counter the Government's argument that such

shirts were covering up R.L.C.'s bruises), and generalities, like counsel's failure to follow up on certain questions and counsel's "very sloppy" investigation and defense.

These allegations fall far short of overcoming the "strong presumption" of *Strickland.* The majority involve precisely the sort of "virtually unchallengeable" strategic choices contemplated by that case. Caskey does allege that counsel failed to conduct a proper investigation; however, he offers little to substantiate that allegation. Only two of Caskey's four points in support of that claim involve investigation at all – constructing a timeline of instances where R.L.C. could have escaped and visiting with R.L.C.'s mother about a particular incident – and in both instances counsel may be said to have fulfilled the duty to "make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. The remaining allegations are generalized grievances about counsel's overall performance. The record does not support Caskey's claims of ineffective assistance in that regard: a review of the transcript of the 2-hour, 21-minute evidentiary hearing reveals that counsel vigorously cross-examined R.L.C. and readily objected to the prosecution's direct examination of her.

Moreover, Caskey's allegation of prejudice is simply that there is "a possibility" that, with different choices, R.L.C. "would have been proven to have committed perjury and the ruling would have been in [Caskey's] favor." (Pet.'s Mem. at 14, Aug. 28, 2017, Docket No. 200.) Caskey is correct that *Strickland* does not require him to show by a preponderance of the evidence that the outcome would have been different. But he does not allege even a "reasonable probability" that different choices would have led to a different outcome. As such, he does not allege prejudice under the *Strickland* standard.

With regard to his appellate representation, Caskey alleges that counsel failed to consult with him or use materials that he mailed. These bare allegations do not make out an ineffective assistance of counsel claim. Moreover, the Eighth Circuit considered on appeal and rejected most of the same issues Caskey raises in the second part of his § 2255 petition (namely, that R.L.C. did not attempt escape, that R.L.C.'s testimony contained contradictions, and that the screwdriver was not found in the truck). *See Caskey*, 636 Fed. App'x at 378-79. Caskey does not explain what he might have done differently. As such, he does not properly allege that his appellate representation caused him prejudice.

### B. Sentence Enhancements

Caskey alleges that the Court erred in applying two sentencing enhancements, one for possession of a dangerous weapon and the other for sexual exploitation of R.L.C. As above, the Eighth Circuit considered and rejected Caskey's arguments on both of these points on direct appeal. Specifically, it acknowledged Caskey's arguments that R.L.C.'s testimony "had no corroboration or support," that there was surveillance footage showing R.L.C. sitting in his truck "undisturbed and calm," that "no screwdriver was found in Caskey's truck, and, once apprehended, no photos were taken showing physical abuse, and there was no sexual assault exam." *Id.* at 378. Nevertheless, it concluded that the Court did not clearly err in finding that Caskey beat R.L.C. with a screwdriver and sexually exploited her during the course of the kidnapping. *Id.* at 378-79. "[C]laims which were raised and decided on direct appeal cannot be relitigated on a motion to

vacate pursuant to 28 U.S.C. § 2255." *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003). As such, further review of these issues is precluded.

## III. CERTIFICATE OF APPEALABILITY

The Court may grant a Certificate of Appealability only where the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must show that "the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 883 (8th Cir. 1994). For purposes of appeal under § 2253, the Court finds that Caskey has not shown that reasonable jurists would find the issues raised in the § 2255 motion debatable, that some other court would resolve the issues differently, or that the issues deserve further proceedings. Therefore, the Court declines to grant a Certificate of Appealability.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Timothy G. Caskey's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Criminal Case No. 11-301, Docket No. 194; Criminal Case No. 14-36, Docket No. 39] is **DENIED**.

2. For the purpose of appeal, the Court does **not** grant a Certificate of Appealability under 28 U.S.C. § 2253(c)(2).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: October 31, 2017             _____s/John R. Tunheim_____
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                                                  Chief Judge
                                           United States District Court